# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:10-cv-00582-AWI-GBC PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE IN FULL WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al., | (Doc. 8) |
| Defendant. | |

**Order on Motions for Reconsideration**

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.    The Court denied Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on April 16, 2010. On May 10, 2010, Plaintiff filed a motion for reconsideration of the order denied Plaintiff's application to proceed in forma pauperis.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the

1  motion," and "why the facts or circumstances were not shown at the time of the prior motion."

2  In support of Plaintiff's motion for reconsideration, Plaintiff argues that although Plaintiff's trust account showed a balance of $524.22, at the time of the motion for consideration, Plaintiff's balance decreased to $254.24. Moreover, Plaintiff contends that the Kern Valley State Prison has failed to place $3,026.00 back into Plaintiff's account and that the prison is illegally withholding Plaintiff's money which, simultaneously, is denying Plaintiff access to the Court.

Plaintiff failed to explain the reason for his other voluntary withdrawals and has not asserted that he is incapable of obtaining sufficient funds to pay for the filing fee. The Court looked at the prisoner's account deposits and balances in the six-month period immediately preceding the filing of the complaint and found an average deposit of $4,703.34. Notwithstanding Plaintiff's claim that the prison has failed to return $3,026.00 in a timely fashion into Plaintiff's account, Plaintiff had the funds to pay the filing fee at the time the case was filed on April 5, 2010 and it appears that Plaintiff voluntarily reduced his account since the time of filing the complaint. Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (finding that the district court was entitled to consider plaintiff's own economic choices about how to spend his money, in a plaintiff's in forma pauperis proceeding). Plaintiff's motion for reconsideration is DENIED.

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the order denying Plaintiff's request to proceed in forma pauperis is DENIED; and

2. Plaintiff is required to pay the $350.00 filing fee in full within thirty days of the date of service of this order; and

3. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated: December 10, 2010

CHIEF UNITED STATES DISTRICT JUDGE