# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTION AND<br>REHABILITATION, et al.,<br><br>    Defendant.<br>_____/ | CASE NO. 1:10-cv-00582-AWI-GBC (PC)<br><br>CASE NO. 1:11-cv-00684-AWI-SKO (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, ORDER REOPENING CASE, AND ORDER ADMINISTRATIVELY CLOSING CASE NUMBER 1:11-cv-00684-AWI-SKO (PC) |

**Order on Motion for Reconsideration In Case No. 1:10-cv-582-AWI-GBC (PC)**

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.   The Court denied Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on April 16, 2010. (Doc. 6).  On May 10, 2010, Plaintiff filed a motion for reconsideration of the order  denied Plaintiff's application to proceed in forma pauperis.  (Doc. 8).  On December 13, 2010, the Court denied Plaintiff's motion for reconsideration and required Plaintiff to pay the filing fee within thirty days. (Doc. 9). On February 17, 2011, Plaintiff filed a second motion for reconsideration.  (Doc. 13).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

1  omitted).  The moving party "must demonstrate both injury and circumstances beyond his control
2  . . . ."  *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in
3  relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist
4  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
5  motion," and "why the facts or circumstances were not shown at the time of the prior motion."

6       In support of Plaintiff's second motion for reconsideration, Plaintiff argues that he directed
7  the prison trust account office to pay the filing fee from his funds, however, payment was not
8  delivered.  Plaintiff includes a declaration that he instructed the prison trust account office to pay,
9  and attaches a document that he identifies as his trust account statement.  The attached trust account
10  statement indicates a withdrawal of $350 on December 23, 2010.  Plaintiff requests that the Court
11  reopen the case so that he can pay the filing fee and proceed with the case.

12       While this motion for reconsideration was pending, Plaintiff re-filed this case on April 29,
13  2011, in *Johnson v. California Department of Correction and Rehabilitation, et al.*,
14  1:11-cv-684-AWI-SKO and paid the filing fee.  The complaint in 1:11-cv-00684-AWI-SKO is
15  identical to the complaint in this case (1:10-cv-582-AWI-GBC).  Considering Plaintiff's motion for
16  reconsideration and the attached financial statement, it appears that Plaintiff attempted to comply
17  with the Court's order to pay the filing fee.  The financial statement, combined with Plaintiff's
18  refiling this case with a filing fee, demonstrates a desire to pursue this case and to pay the required
19  filing fees.  Under these circumstances, the Court believes that reconsideration is appropriate.

20       Because Plaintiff paid the $350 filing fee on April 29, 2011, albeit through a different case
21  number, the Court will not require Plaintiff to file additional fees.  Instead, the Court will re-open
22  this Case 1:10-cv-582-AWI-GBC, close case 1:11-cv-684-AWI-SKO because it is identical to Case
23  1:10-cv-582-AWI-GBC, and order that the filing fee paid in Case Number 1:11-cv-684-AWI-SKO
24  be applied to Case 1:10-cv-582-AWI-GBC.

25       Additionally, in Case 1:11-cv-684-AWI-SKO , Plaintiff filed a first amended complaint as
26  a matter of course. The Court will direct that this first amended complaint to be refiled in Case 1:10-
27  cv-582-AWI-GBC.  This amended complaint will serve as the operative complaint going forward.
28

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration in Case 1:10-cv-582-AWI -GBC (PC) (Doc. No. 8) is GRANTED;

2. Case number 1:10-cv-582-AWI-GBC (PC) is REOPENED;

3. Case number 1:11-cv-684-AWI-SKO (PC) shall be administratively CLOSED as a later-filed, duplicate case;

4. The clerk shall refile the first amended complaint (Document No. 6) from Case 1:11-cv-684-AWI-SKO (PC) into Case 1:10-cv-582 AWI GBC (PC), and that first amended complaint shall be the operative complaint in Case 1:10-cv-582 AWI GBC (PC);

5. The filing fee paid in case 1:11-cv-684-AWI-SKO (PC) shall relate back and be applied to Case 1:10-cv-582 AWI GBC (PC); and

6. Case 1:10-cv-582-AWI-GBC (PC) is referred to Magistrate Judge Cohn for further proceedings.

IT IS SO ORDERED.

Dated:   September 11, 2011

CHIEF UNITED STATES DISTRICT JUDGE