# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | CASE NO. 1:10-cv-00582-AWI-SAB (PC)<br><br>FIRST SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SCREEN AS MOOT<br><br>(ECF Nos. 15 & 16)<br><br>THIRTY-DAY DEADLINE |

## I.

## SCREENING REQUIREMENT

Plaintiff Garrison S. Johnson ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (the Americans with Disabilities Act ("ADA")), and 29 U.S.C.§ 794 (§504 of the Rehabilitation Act ("RA")) on April 5, 2010. A first amended complaint was filed on September 12, 2011.  (ECF No. 15.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at the Salinas Valley State Prison ("SVSP"). Plaintiff brings this action against Defendants CDCR; D. Foston, Chief Inmate Appeal Breach; M.D. Biter, Chief Deputy Warden; R. Grissom, Associate Warden, F. Ozaeta, Correctional Sergeant; Matthew Cate, Secretary of CDCR; and M. Bostanjian, Psychiatrist, alleging violations of (1) the Eighth Amendment; (2) Title II of the ADA and § 504 of the RA; and (3) the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff's complaint contains multiple incidents that occur over a period of several years, against multiple defendants, and appear to be unrelated. The Court will not summarize all of the allegations in the first amended complaint since it entails a variety of apparently unrelated claims that would not present a cohesive basis for analysis.

For the reasons set forth below, the complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## III.

## DISCUSSION

### A.   Rule 18 and 20

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's first amended complaint contains multiple incidents that occur over a period of several years involving claims of violations of the Eighth Amendment, the ADA and RA, and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff attempts to bring suit against nine named defendants and an unknown number of Does. Plaintiff is advised that his claims do not arise out of the same "transaction, occurrence, or series of transactions." It appears that Plaintiff attempts to link all the incidents described in his first amended complaint by calling them all racial discrimination or related to his disability. The incidents described do not involve common questions of fact or law. Many incidents occurred in different years and involved different Defendants. The facts necessary to prove these claims are unique. Plaintiff is not permitted to raise all his claims in

a single action under Federal Rule of Civil Procedure 20(a)(2) simply because all the incidents occurred by prison officials in the same prison.

The Court advises Plaintiff that each claim that is raised in his second amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Plaintiff is advised that a claim does not arise from a common transaction, occurrence, or series of transactions merely because both claims involve discrimination. Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

**B.**     **Rule 8**

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b).

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). Although Plaintiff does state his claims in separate counts, each count contains multiple unrelated allegations.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.

**C.**     **Legal Standards**

**1.**     **Eighth Amendment Claim**

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show: (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Neither medical malpractice nor isolated incidents of neglect will support an Eighth Amendment claim, Estelle, 429 U.S. at 106; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990), and where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs, Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

### 2. American With Disabilities Act and Rehabilitation Act

Title II of the ADA and § 504 of the RA "prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corr v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010). To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) such exclusion, denial of benefits, or discrimination was because of his disability. Simmons, 609 F.3d at 1021 (citations omitted). "The ADA prohibits discrimination because of disability, not inadequate

1  treatment for disability." Id.

2  "To state a claim under the Rehabilitation Act, a plaintiff must allege '(1) he is an individual
3  with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits
4  of the program solely by reason of his disability; and (4) the program receives federal financial
5  assistance.'" O'Guinn v. Lovelock Corr. Ctr., 502 F.3d at 1056, 1060 (9th Cir. 2007) (citing Duvall
6  v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

### 3.  Equal Protection

8  The Equal Protection Clause requires that all persons who are similarly situated should be
9  treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne
10 Living Ctr., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing
11 that the defendant intentionally discriminated against the plaintiff based on the plaintiff's
12 membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194
13 (1998), or that similarly situated individuals were intentionally treated differently without a rational
14 relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167
15 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Discriminatory purpose implies
16 that the defendant chose a particular course of action because of its adverse effect upon a
17 discriminate group. Lee, 250 F.3d at 687. Prison inmates are not a protected class for equal
18 protection purposes. Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); McQueary v. Blodgett,
19 924 F.2d 829, 834 (9th Cir. 1991).

## IV.

## CONCLUSION AND ORDER

22 For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
23 a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within
24 thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the
25 nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507
26 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

27 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
28 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for screening, filed on March 22, 2012, is DENIED as MOOT;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff's first amended complaint, filed September 12, 2011, is dismissed for failure to follow the Federal Rules of Civil Procedure;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 28, 2013**

UNITED STATES MAGISTRATE JUDGE