UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-00582-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 23] |

    Plaintiff Garrison S. Johnson is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    Now pending before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction, filed on June 6, 2013.

    Plaintiff alleges that he suffers from mental disabilities that interfere with his ability to live with another prisoner in the same cell. Plaintiff continues he is experiencing continued conflicts with his cellmates and fears he may harm them or that he may be harmed.

    Plaintiff seeks a temporary restraining order pursuant to Rule 65(d) of the Federal Rules of Civil Procedure.

    This action is proceeding on Plaintiff's second amended complaint against Defendants D. Foston, M.D. Biter, R. Grissom, F. Ozaeta, Matthew Cate, M. Bostanjian, and an unknown number of Does for subjecting Plaintiff to conditions of confinement, in violation of the Eighth Amendment, and

1

against Defendant California Department of Corrections and Rehabilitation (CDCR) in its official capacity for violations of the Americans with Disabilities Act and Rehabilitation Act.

Defendant CDCR is the only party who has made an appearance in this action. Plaintiff is still in the process of serving all of the other named defendants.

# I.

# DISCUSSION

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

///

///

///

Plaintiff contends that prison staff has repeatedly denied his requests for single-cell status. On October 29, 2010, Plaintiff informed prison staff that he was hearing voices telling him that his cellmates were going to harm him and he believed he would harm his cellmate in self-defense. In response to Plaintiff's complaints, Plaintiff was admitted to the treatment center under suicide status. Plaintiff contends that on April 3, 2012, his cellmate filed an inmate request informing staff that Plaintiff was accusing his cellmate of trying to harm him and requested a cell move to avoid harm. Plaintiff alleges no harm as a result of the 2012 reporting by his cellmate.

Based on Plaintiff's own allegations demonstrate that prison officials are well-aware of Plaintiff's contention that he should be placed on single-cell status to prevent harm to himself or his cellmate. However, after reviewing the necessary factors, it was found that Plaintiff's "request for single cell status [was] not medically necessary by the current medical staff in charge of [his] care." (Motion, at 3.)

Plaintiff has not shown that he will suffer an injury without the Court's intervention. Nothing before the Court suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present, adverse effects."). The most recent incident of harm occurred in April 2012-over a year after the instant motion was filed, belie Plaintiff's claim that he is in present need for a preliminary injunction. This does not suggest an ongoing, real and immediate threat of injury. Similarly, the absence of a showing of harm leaves nothing to tip the balance of equities in Plaintiff's favor. In addition, nothing before the Court justifies it to substitute its judgment for that of prison staff regarding housing issues.

The mere pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). While frictions may arise from the housing placements of inmates, absent exceptional circumstances, not present here, the Court will not intervene in the day-to-day management of prisons. See, e.g., Overton v. Bazzetta, 539 U.S. 126, 133 (2003) (prison officials

///

entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-483 (1995) (disapproving the involvement of federal courts in the day-to-day management of prisons).

## II.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and preliminary injunction be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Plaintiff  may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 19, 2013**

UNITED STATES MAGISTRATE JUDGE

4